## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANCISCO WILFREDO CORONADO, | ) ) ) | CASE NO. 4:08CV3224 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff filed his Complaint in this matter on October 31, 2008.  (Filing No. 1.)

Plaintiff has previously been given leave to proceed in forma pauperis.  (Filing No. 7.)

Plaintiff also filed a Motion to Review for Lack of Jurisdiction (Filing No. 8) and a Motion to

Extend Time Set for Paying Initial Partial Filing Fee (Filing No. 9), which are both pending

before the court.  The court now conducts an initial review of the Complaint to determine

whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.    SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against one Defendant, U.S. Citizenship and Immigration

Services ("USCIS").  (Filing No. 1 at CM/ECF p. 1.)  Plaintiff is currently confined in

Tecumseh, Nebraska.  (*Id.* at CM/ECF p. 2.)

Condensed and summarized, Plaintiff alleges that Immigration and Customs

Enforcement ("ICE") intends to strip Plaintiff of his asylum status and deport him because

Plaintiff allegedly committed an aggravated felony.  (*Id.* at CM/ECF pp. 1-2.)  However,

Plaintiff alleges that he has not been provided with a hearing or an opportunity to challenge

the aggravated felony charges.  (*Id.* at CM/ECF p. 3.)  Plaintiff also alleges that even if he

is found guilty of committing an aggravated felony, he must be granted an additional

opportunity to present his case for continued asylum status before an immigration judge. (*Id.*)  Plaintiff asks the court to enter an order that will prevent ICE from deporting him "until the issues raised in this challenge have been resolved."  (*Id.* at CM/ECF p. 4.)

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *See generally, Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)* (overruling *Conley v. Gibson, 355 U.S. 41 (1967),* and setting new standard for failure to state a claim upon which relief may be granted).  Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).*  However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab., 294 F.3d 1043, 1043-1044 (8th Cir. 2002)* (citations omitted).

Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States

Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

III.    **DISCUSSION OF CLAIMS**

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87.

Liberally construed, Plaintiff's claims relate entirely to Plaintiff's constitutional right to defend himself against allegations that he committed an aggravated felony.[1] These claims necessarily implicate the validity of Plaintiff's continued confinement on these charges. Stated another way, this court could not grant Plaintiff's requested relief without first determining that his conviction and continued confinement is unlawful. As set forth above, the court cannot address these claims in an action brought pursuant to 42 U.S.C.

---

[1]Plaintiff's allegations regarding his asylum status are vague. To the extent Plaintiff is seeking to challenge a removal order, those claims should be brought directly before the Eighth Circuit Court of Appeals. *See* 8 U.S.C. § 1252; *Haider v. Gonzales*, 438 F.3d 902, 905 (8th Cir. 2006) (The REAL ID Act "place[s] exclusive review of orders of removal with circuit courts.").

3

§ 1983.  Thus, the court will dismiss Plaintiff's claims without prejudice to reassertion in a habeas corpus or similar proceeding.[2]

IT IS THEREFORE ORDERED that:

1.    Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice to reassertion in accordance with this Memorandum and Order;

2.    In accordance with this Memorandum and Order, Plaintiff's Motion to Review for Lack of Jurisdiction (Filing No. 8) and Plaintiff's Motion to Extend Time Set For Paying Initial Partial Filing Fee (Filing No. 9) are denied as moot;

3.    The Clerk of the court is directed to send to Petitioner the Form AO 241 packet, Petition for Relief From a Conviction or Sentence By a Person in State Custody; and

4.    A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 5th day of January, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[2]Indeed, in Plaintiff's "Motion to Review for Lack of Jurisdiction" (Filing No. 8), Plaintiff acknowledges that he intended "to secure relief pursuant to the habeas corpus provision at 28 U.S.C. § 2241 . . . ."  (Filing No. 8 at CM/ECF p. 1.)

4